ZAINEY, J.
MARCH 8, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RITA FORTUNE, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 05-6674

BAKER HUGHES, INC, ET AL.               SECTION: "A" (4)

<u>ORDER</u>

Before the Court is a **Motion to Reconsider (Rec. Doc. 11)** filed by defendant Baker Hughes, Inc. and Ace American Insurance Co. Plaintiffs Rita Fortune, individually and as the administrator for her minor child, Peyton Adams, Lucy Collins, Anita Jackson and the Estate of Norris Collins, Sr., have responded to the motion by seeking to file a stipulation as to damages into the record. The motion, set for hearing on March 8, 2006, is before the Court on the briefs without oral argument.[1] For the reasons that follow the

---

[1] Defendants have requested oral argument on their Motion to Reconsider. The Motion to Reconsider is directed solely to the amount in controversy and does not acknowledge that this Court is without jurisdiction to reconsider the prior remand order.

motion is DENIED.

I.  **Background**

  Plaintiffs, Rita Fortune, individually and as the administrator for her minor child, Peyton Adams, Lucy Collins, Anita Jackson and the Estate of Norris Collins, Sr., have brought suit to recover damages for personal injuries that they allegedly sustained in an automobile accident.  Plaintiffs allege that on December 6, 2004, Ernest J. Lee backed his vehicle into the rear of Plaintiffs' parked vehicle.  (Pet. ¶ III).  Plaintiffs allege that Baker Hughes owned the vehicle that Lee was driving, and that the incident occurred during the course and scope of Lee's employment with Baker Hughes.  (Id.).  Plaintiffs claim to have sustained "serious personal injuries and damages."  (Id.).  Each of the Plaintiffs claim cervical and lumbar spine sprain and full disability, as well as psychiatric and psychological damages.  (Id. ¶¶ VIII, X, XII, XIV, & XVI).  Each Plaintiff seeks to recover medical expenses (past, present, and future), lost wages and opportunity costs (past, present, and future), pain and suffering, and emotional distress (past, present, and future).  (Id.).

  Plaintiffs originally filed suit in the 17th JDC, Parish of Lafourche.  Defendants removed the suit to this Court alleging that the amount in controversy exceeds $75,000 and that Ernest Lee is believed to be a resident of Mississippi.  (Ntc. Rem. at 3, n.5).

2

On February 9, 2006, the Court entered an order granting Plaintiffs' motion to remand the case to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## II.  Discussion

28 U.S.C. § 1447(d) provides that an order remanding a case to state court is not reviewable on appeal or otherwise.  Thus, remand orders invoking the grounds for remand provided in § 1447(c) are not reviewable on appeal or via a motion for reconsideration.  Smith v. Tex. Children's Hosp., 172 F.3d 923, 925 (5th Cir. 1999) (citing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976)); Dorsey v. Money Mack Music, Inc., No. 03-3022, 22994273 (E.D. La.  Dec. 15, 2003 (Duval, J.).  Because this Court remanded the case pursuant to § 1447(c) it does not have jurisdiction to reconsider its prior order.[2]

Accordingly;

**IT IS ORDERED** that the **Motion to Reconsider (Rec. Doc. 11)** filed by defendant Baker Hughes, Inc. and Ace American Insurance Co. should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \* \*



---

[2] Nevertheless, the Court remains convinced that the case was properly remanded.

3